OPINION
The defendant-appellant, Steve Klosterman ("appellant"), appeals the judgment of the Mercer County Court of Common Pleas granting the plaintiff-appellee, Wilhelmina Klosterman ("appellee"), a permanent civil protection order. The appellee also cross-appeals a finding of fact made by the trial court at the civil protection hearing. For the following reasons, we affirm the decision of the trial court in its entirety.
The pertinent facts and procedural history in this matter are as follows. On March 6, 2000, the appellee filed a petition for a domestic violence civil protection order ("CPO") pursuant to R.C. 3113.31. The appellee contended that on or about March 4, 2000, the appellant struck and choked her requiring her to receive medical treatment. On March 6, 2000, the trial court issued an ex parte CPO and set the matter for a full hearing. A full hearing was conducted on June 26, 2000, at the conclusion of which, the trial court issued a permanent CPO pursuant to R.C. 3113.31. It is from this order that the appellant now appeals, asserting three assignments of error. The appellee also appeals certain findings of fact made by the trial court in the permanent CPO.
Appellant's Assignment of Error No. 1
 The trial court erred by denying Appellant due process in repeatedly restricting his testimony due to the unlawful participation of the prosecutor during the CPO hearing.
The appellant contends that his due process rights were violated when he was forced to assert his Fifth Amendment rights due to the pending criminal charge stemming out of the same incident. The appellant asserts that the presence of the prosecutor in the CPO proceeding necessitated his assertion of his Fifth Amendment rights. For the following reasons, we disagree.
It appears from the record and briefs in this matter that in order to obtain a CPO in Mercer County, one must first file a petition with the Mercer County Prosecutor's Office. The prosecutor reviews the petitioner's allegations, facilitates the filing of such a petition and represents the petitioner in both the ex parte hearing and the final hearing. This was the procedure used in the case at hand when the appellee filed her petition for a CPO.
The appellee's petition was based on allegations that the appellant committed an act of physical violence against her on or about March 4, 2000. As a result of these allegations, the appellant was also charged with several criminal violations including attempted felonious assault, disrupting public services, and domestic violence. The appellant contends that his due process rights were violated by the prosecutor's participation in the CPO hearing. He claims that he was not free to defend himself as anything he said could be used against him in support of the pending criminal charges.
The record in this matter reveals that the appellant was given the opportunity to testify in the CPO hearing and, on advice of counsel, he asserted his Fifth Amendment rights. It is unclear how the presence of the prosecutor in this matter affected the appellant's rights. A CPO hearing is a public proceeding held in an open courtroom. Regardless of who represented the appellee in this matter, anything the appellant testified to could be used against him in future proceedings, criminal or otherwise. The appellant's contention that the presence of the prosecutor violated his due process rights is simply unfounded and without merit.
Accordingly, the appellant's first assignment of error is overruled.
Appellant's Assignment of Error No. 2
 The trial court erred in granting possession of the appellant's residence to the appellee when the facts elicited do not support such order.
Appellant's Assignment of Error No. 3
 The trial court's failure to find the appellee in contempt of the previously entered ex parte order was not supported by the evidence.
The appellant's second and third assignments of error concern issues outside the scope of the civil protection order, the order from which this appeal was taken. Therefore, these issues are not properly before this Court and will not be addressed any further.
Accordingly, the appellant's second and third assignments of error are not well taken.
Appellee's (Cross-Appellant's) Assignment of Error
 The trial court abused its discretion in finding that "fault lies with both parties."
The appellee/cross-appellant has some concern with the findings of fact made by the trial court in this matter. Specifically, the appellee objects to the court's conclusion that "fault lies with both parties." It should be noted that this Court finds the appellee's objection to be completely superfluous to the underlying issue, i.e. whether or not the CPO was properly issued, and to have absolutely no bearing on the outcome of this matter. Nevertheless, a review of the record reveals that the evidence in fact supports this finding of fact and it cannot be said that the trial court abused its discretion in this matter.
Accordingly, the appellee/cross-appellant's sole assignment of error is overruled.
Having found no error prejudicial to either the appellant or cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS and SHAW, JJ., concur.